UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| HARD DRIVE PRODUCTIONS,<br><br>             Plaintiff,<br>       v.<br><br>DOES 1-33,<br><br>             Defendants.<br>_____/ | No. C 11-03827 LB<br><br>**ORDER GRANTING IN PART PLAINTIFF'S EX PARTE MOTION FOR EXPEDITED DISCOVERY** |

## I. INTRODUCTION

Plaintiff Hard Drive Productions, Inc. ("Hard Drive") asserts claims for copyright infringement pursuant to 17 U.S.C. § 101 *et seq*. and for civil conspiracy. FAC, ECF No. 6, ¶¶ 31-45.[1] It seeks permission to take limited, expedited discovery from certain Internet Service Providers ("ISPs") to identify and name the Doe defendants in this case so that it can complete service of process. Motion, ECF No. 8 at 5. Hard Drive consented to this court's jurisdiction on September 21, 2011. ECF No. 7.

As discussed below, the court finds good cause exists for Hard Drive to engage in this preliminary discovery but only with respect to Doe 1. Because Hard Drive has not demonstrated that permissive joinder is appropriate, the court severs Does 2-33 from this action and dismisses them without prejudice.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-03827 LB

## II. BACKGROUND

Hard Drive is an Arizona-based company that is the exclusive licensee for the reproduction and distribution rights for "Amateur Allure – Natalia," a copyrighted file. FAC, ECF No. 6, ¶¶ 6-7. A copyright application for this work is currently pending. *Id.*, ¶ 25. According to Hard Drive, the Doe defendants, without its permission, reproduced and distributed "Amateur Allure – Natalia" to numerous third parties through a peer-to-peer file sharing network, causing economic and reputational damages. *Id.*, ¶ 29.

Because the peer-to-peer file sharing network that the Doe defendants utilized is partially anonymous, Hard Drive does not know the defendants' names and addresses and cannot complete service of process on them. Motion, ECF No. 8 at 7-8. It has, however, been able to identify the Internet Protocol ("IP") address assigned to each of the Doe defendants, the date and time that each Doe defendant allegedly infringed on Hard Drive's copyrighted work, and the ISP for each of the IP addresses. *Id.* at 8; Hansmeier Decl., ECF No. 8-1, ¶¶ 20, 22; *see also* FAC, ECF No. 6, Ex. A (listing the IP addresses identified).

Hard Drive therefore asks for early discovery under Federal Rule of Civil Procedure 26(d) and leave to serve Rule 45 third-party subpoenas on each ISP associated with the identified IP addresses to obtain the names and contact information of the ISP subscribers, which may then assist Hard Drive to determine the identities of the Doe defendants so that it can effect service of process on them. Motion, ECF No. 8 at 6, 10-11.

## III. DISCUSSION

A. Legal Standard for Leave to Take Early Discovery

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for the early discovery. *See*, *e.g.*, *IO Group, Inc. v. Does 1-65*, No. C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275-77 (N.D. Cal. 2002); *Texas Guaranteed Student Loan Corp. v. Dhindsa*, No. C 10-0035, 2010 WL 2353520, at * 2 (E.D. Cal. June 9, 2010); *Yokohama Tire Crop. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D.

Ariz. 2001) (collecting cases and standards).

When the identities of defendants are not known before a complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In evaluating whether a plaintiff establishes good cause to learn the identity of Doe defendants through early discovery, courts examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

1. Hard Drive Has Shown Good Cause

Here, Hard Drive has made a sufficient showing under each of the four factors listed above to establish good cause to permit it to engage in early discovery to identify the Doe defendants.

First, Hard Drive has identified the Doe defendants with sufficient specificity by submitting a chart listing each of the defendants by the IP address assigned to them and the day each particular defendant allegedly engaged in the infringing conduct. *See* FAC, ECF No. 6, Ex. A; Hansmeier Decl., ECF No. 8-1, ¶¶ 14-26.

Second, Hard Drive has adequately described the steps it took to locate and identify the Doe defendants. Specifically, it investigated and collected data on unauthorized distribution of copies of "Amateur Allure – Natalia" on BitTorrent-based peer-to-peer networks. Hansmeier Decl., ECF No. 8-1, ¶¶ 14-26. The data that Hard Drive gathered, separated out by Doe defendant, is listed in Exhibit A to the First Amended Complaint and includes each defendant's IP address, the ISP that assigned that IP address, and the date and time the defendant allegedly infringed its copyrighted work. FAC, ECF No. 6, Ex. A. Hard Drive has been unable to identify the Doe defendants further. Hansmeier Decl., ECF No. 8-1, ¶ 27.

Third, Hard Drive pled the essential elements to state a claim for copyright infringement. FAC,

1    ECF No. 1, ¶¶ 31-37.[2]

2    Fourth, Hard Drive has demonstrated that the proposed subpoena seeks information likely to lead
3    to identifying information that will allow it to effect service of process on the Doe defendants.
4    Specifically, the proposed subpoena requests that each ISP produce information sufficient to identify
5    the subscriber to its service, including their name, address, telephone number, email address, and
6    media access control ("MAC") address.  Motion, ECF No. 8 at 23.

7    Taken together, the court finds that the foregoing factors demonstrate good cause exists to grant
8    Hard Drive leave to conduct the requested early discovery.  *See Semitool*, 208 F.R.D. at 276.
9    Furthermore, the court finds that early discovery furthers the interests of justice and poses little, if
10   any, inconvenience to the subpoena recipient.  Permitting Hard Drive to engage in this limited, early
11   discovery is therefore consistent with Rule 26(d).

12   B. Hard Drive Failed to Show that Permissive Joinder Is Appropriate

13   Under Rule 20(a), permissive joinder of defendants is appropriate where "any right to relief is
14   asserted against them jointly, severally, or in the alternative with respect to or arising out of the
15   same transaction, occurrence, or series of transactions or occurrences; and [ ] any question of law or
16   fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Where misjoinder
17   occurs, the court may, on just terms, add or drop a party so long as "no substantial right will be
18   prejudiced by the severance."  *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); Fed. R.
19   Civ. P. 21.  Courts should construe Rule 20 liberally "in order to promote trial convenience and to
20   expedite the final determination of disputes."  *See League to Save Lake Tahoe v. Tahoe Reg'l*
21   *Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).  Courts may consider various factors to
22   determine whether joinder "comport[s] with the fundamental principles of fairness," including the
23   possibility of prejudice to the parties and the motives of the party seeking joinder.  *See Desert*
24   *Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980).

---

[2] Hard Drive arguably did not plead the elements for a civil conspiracy claim.  *See Millennium TGA, Inc. v. Doe*, No. C 11–2258 SC, 2011 WL 1812786, at *2 (N.D. Cal. May 12, 2011) (dismissing a nearly identical claim asserted by Hard Drive's counsel in a different case). Nonetheless, because Hard Drive sufficiently pled the essential elements of a copyright infringement claim, it satisfied the third requirement for early discovery.

UNITED STATES DISTRICT COURT
For the Northern District of California

Other courts in this district and elsewhere have found misjoinder in similar copyright infringement cases. *See*, *e.g.*, *Pac. Century Int'l, Ltd. v. Does 1-101*, No. C 11-02533 DMR, 2011 WL 5117424, at *3 (N.D. Cal. Oct. 27, 2011); *Diabolic Video Prods. v. Does 1-2099*, No. C 10-5865 PSG, 2011 U.S. Dist. LEXIS 58351, at *9 (N.D. Cal. May 31, 2011); *Pac. Century Int'l, Ltd. v. Does 1-101*, No. C 11-02533 DMR, 2011 WL 2690142, at *2-*4 (N.D. Cal. Jul. 8, 2011); *IO Group, Inc. v. Does 1-435*, No. C 10-4382 SI, 2011 WL 445043, at *3-*6 (N.D. Cal. Feb. 3, 2011). Those courts have found allegations that BitTorrent users downloaded the same copyrighted files insufficient to support joinder. *See*, *e.g.*, *Pac. Century Int'l*, 2011 WL 2690142, at *3-*4. In contrast, other courts have found joinder appropriate at this stage in the litigation. *See*, *e.g.*, *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 342-43 (D.D.C. 2011); *Donkeyball Movie, LLC v. Does 1-171*, Civil Action No. 10–1520 (BAH), 2011 WL 1807452, at *4-*5 (D.D.C. May 12, 2011); *West Coast Prod., Inc. v. Does 1-5829*, Civil Action No. 11–57 (CKK), 2011 WL 2292239, at *5-*6 (D.D.C. Jun. 10, 2011).

The court concludes here that Hard Drive fails to demonstrate that joinder is appropriate. Hard Drive alleges that the Doe defendants downloaded and shared the same file and were a part of the same swarm. FAC, ECF No. 4, ¶ 9; *see also id*. ("[Hard Drive's] agents observed multiple swarms . . . reproducing and distributing ["Amateur Allure – Natalia"], but the [Doe defendants] in this action joined one swarm."). Even assuming this is true, though, the court does not believe that permissive joinder is appropriate given the wide range of dates on which the Doe defendants allegedly downloaded and shared the copyrighted work.[3] Without more, permissive joinder of these Doe defendants is inappropriate.

Joinder also fails to promote trial convenience and expedition of the ultimate determination of the substantive issues in this case. *See Pac. Century Int'l*, 2011 WL 5117424, at *3 (describing the

---

[3] Hard Drive alleges that, by virtue of the BitTorrent protocol, "[t]he [Doe defendants] were collectively engaged in the conspiracy even if they were not engaged in the swarm contemporaneously because they all took concerted action that contributed to the chain of data distribution." FAC, ECF No. 8, ¶ 10. But under Hard Drive's logic, all persons within a single swarm – even if that swarm continues for months on end and contained hundreds or thousands of BitTorrent users – would be appropriately joined as defendants in a single copyright infringement action.

C 11-03827 LB
5

"logistical nightmare" of joining 101 Doe defendants in such an action); *On The Cheap, LLC v. Does 1-5011*, No. C10–4472 BZ, 2011 WL 4018258, at *2 (N.D. Cal. Sept. 6, 2011) (same). Though the 33 Doe defendants may have engaged in similar behavior, they are likely to present different defenses. *See BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004). As one court noted, "Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe." *Id.*

C.  Protections for ISP Subscribers

"[U]nder Rule 26(c), the Court may *sua sponte* grant a protective order for good cause shown." *McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). The court issues the limited protective order described below because the ISP subscribers may be innocent third parties, the subject matter of the suit deals with sensitive and personal matters, and the jurisdictional and procedural complications might otherwise dissuade innocent parties from contesting the allegations.

Here, as has been discussed by other courts in this district, the ISP subscribers may not be the individuals who infringed upon Hard Drive's copyright. *See*, *e.g.*, *Pac. Century Int'l*, 2011 WL 5117424, at *2; *see also IO Group, Inc. v. Does 1-19*, No. C 10-03851 SI, 2011 WL 772909, at *1 (N.D. Cal. Mar. 1, 2011) (granting the plaintiff additional time to identify and serve the true defendant where a subscriber asserted that he did not infringe plaintiff's work, suggesting that someone else used his IP address to infringe the plaintiff's work, and the plaintiff claimed that it needed to take third-party discovery from the subscriber to try to identify who actually used the subscriber's IP address to allegedly infringe the plaintiff's work). The privacy interests of innocent third parties weighs heavily against the public's interest in access to court documents. *See Gardner v. Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990).

Additionally, requests for pseudonymity have been granted when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature. *See Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). An allegation that an individual illegally downloaded adult entertainment likely goes to matters of a sensitive and highly personal

nature, including one's sexuality.

Furthermore, while Hard Drive apparently has "used geolocation technology to trace the IP addresses of each [Doe defendant] to a point of origin within the State of California," FAC, ECF No. 6, ¶ 3, it acknowledges that such technology is not foolproof, Hansmeier Decl., ¶ 24 ("Using this information, [Hard Drive] was able to determine that the IP addresses associated with [the Doe defendants] in this case were all *most likely* located in California.") (emphasis added). Thus, it is possible that the remaining Doe defendant has a valid jurisdictional defense.

In light of the considerations, including the jurisdictional issue that might be particularly challenging for an individual proceeding without counsel, "protections for the Doe Defendants are warranted to ensure that no defendant with potentially valid objections to the jurisdiction and venue of this court is forced to settle to avoid litigation in a distant court." *Liberty Media Holdings, LLC v. Does 1-62*, Civil No. 11cv 575 MMA (NLS), 2011 WL 1869923, at *6 (S.D. Cal. May 12, 2011).

Accordingly, the court **ISSUES** a protective order to the limited extent that any information regarding the Doe defendant released to Hard Drive by the ISP shall be treated as confidential for a limited duration. *See IO Group, Inc. v. Does 1-19*, No. C 10-03851 SI, 2010 WL 5071605, at *2 (N.D. Cal. 2010). Specifically, Hard Drive shall not publicly disclose that information until the Doe defendant has the opportunity to file a motion with this court to be allowed to proceed in this litigation anonymously and that motion is ruled on by the court. *Id*. If the Doe defendant fails to file a motion for leave to proceed anonymously within 30 days after his or her information is disclosed to Plaintiff's counsel, this limited protective order will expire. *Id*. Given the potential embarrassment associated with being publicly accused of having illegally downloaded adult entertainment, if the Doe Defendant includes identifying information within his or her request to proceed anonymously, the court finds good cause to order the papers filed under seal until the court has the opportunity to rule on the request. *See id*. at 3 (permitting party to file under seal a declaration with identifying information). If the Doe defendant includes identifying information with his or her request to proceed anonymously and the request is placed under seal, the court will direct the Doe defendant to submit a copy of the under-seal request to Hard Drive and will ensure that Hard Drive has time to respond.

## IV. CONCLUSION

For the reasons stated above, the court SEVERS Does 2-33 from this action and **DISMISSES WITHOUT PREJUDICE** Hard Drive's claims against them. Should Hard Drive refile separate complaints against any of these defendants within 20 days of this order, those suits will be deemed a continuation of the original action for purposes of the statute of limitations.

The court **GRANTS** Hard Drive's Ex Parte Motion for Expedited Discovery with respect to Doe 1 as follows.

1. **IT IS HEREBY ORDERED** that Hard Drive may immediately serve a Rule 45 subpoena on the ISP listed in Exhibit A to the complaint to obtain information to identify Doe 1, including his or her name, address, telephone number, email address, and media access control address. The subpoena shall have a copy of this order attached.

2. **IT IS FURTHER ORDERED** that the ISP will have 30 days from the date of service upon them to serve Doe 1 with a copy of the subpoena and a copy of this order. The ISP may serve Doe 1 using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

3. **IT IS FURTHER ORDERED** that Doe 1 shall have 30 days from the date of service upon him or her to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30-day period lapses without Doe 1 contesting the subpoena, the ISP shall have 10 days to produce the information responsive to the subpoena to Hard Drive.

4. **IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

5. **IT IS FURTHER ORDERED** that the ISP that receives a subpoena pursuant to this order shall confer with Hard Drive and shall not assess any charge in advance of providing the information requested in the subpoena. The ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by the ISP.

6. **IT IS FURTHER ORDERED** that Hard Drive shall serve a copy of this order along with any subpoenas issued pursuant to this order to the necessary entities.

1  7.  **IT IS FURTHER ORDERED** that any information disclosed to Hard Drive in response to a Rule 45 subpoena may be used by Hard Drive solely for the purpose of protecting Hard Drive's rights as set forth in its complaint.

This disposes of ECF No. 8.

**IT IS SO ORDERED.**

Dated: November 3, 2011



LAUREL BEELER
United States Magistrate Judge