UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| HARD DRIVE PRODUCTIONS,<br><br>             Plaintiff,<br>   v.<br>DOES 1-33,<br>             Defendant.<br>_____/ | No. C 11-03827 LB<br><br>**ORDER REGARDING SEPTEMBER 10, 2012 JOINT DISCOVERY DISPUTE LETTER**<br><br>[Re: ECF No. 25] |

## I. INTRODUCTION

On September 10, 2012, the court received a joint discovery dispute letter concerning whether plaintiff Hard Drive Productions, Inc. ("Hard Drive") should quash the deposition subpoena served on non-party Eric McClain. Upon consideration of Hard Drive's and Mr. McClain's arguments and the applicable authority, the court rules as follows.

## II. BACKGROUND AND DISCUSSION

Hard Drive asserts claims for copyright infringement under 17 U.S.C. § 101 *et seq.* and for civil conspiracy against a currently unidentified defendant ("Doe 1"). First Amended Complaint ("FAC"), ECF No. 6, ¶¶ 31-45.[1] Hard Drive was able to identify the date and time that Doe 1 allegedly infringed Hard Drive's copyrighted work, the Internet Protocol ("IP") address assigned to

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

Doe 1 (IP No. 173.16.199.124), and the Internet Service Provider ("ISP") of Doe 1's IP address. FAC, ECF No. 6, Ex. A; Motion for Early Discovery, ECF No. 8 at 8; Hansmeier Declaration, ECF No. 8-1, ¶¶ 20, 22.

On November 3, 2011, the court issued an order allowing Hard Drive to serve a subpoena on the ISP of Doe 1's IP address to obtain the name and contact information of the ISP subscriber. 11/3/2011 Order, ECF No. 10. The subscriber turned out to be Eric McClain, a resident of Upper Lake, California. Hard Drive's 5/16/2012 Case Management Conference Statement, ECF No. 20 at 1 n.1. After Hard Drive tried unsuccessfully to contact Mr. McClain to determine whether he should be named as Doe 1 or not, the court granted Hard Drive's request for an order allowing it to serve Mr. McClain with a deposition subpoena under Federal Rule of Civil Procedure 45 and to depose him for no more than 4 hours. *Id*. at 1-4; 5/24/2012 Order, ECF No. 22.

The court heard nothing more about the matter until September 10, 2012, when Hard Drive and Mr. McClain filed a joint discovery dispute letter. 9/10/2012 Letter, ECF No. 25. It turns out that on or about May 29, 2012 Hard Drive served Mr. McClain with a deposition subpoena that required him to appear for deposition in Mill Valley, California on June 19, 2012. *Id*., Ex. A. After the service of the subpoena but before the deposition was scheduled to occur, Mr. McClain's attorney contacted Hard Drive's attorney and explained to him that Mr. McClain was not Doe 1 for certain reasons. *Id*. at 1. This apparently was good enough for Hard Drive, because Hard Drive then sent Mr. McClain a Covenant Not to Sue (the "Covenant"), which apparently was executed by them, that states:

> Hard Drive[,] for and on behalf of itself, its parents, subsidiaries, divisions, related companies, affiliated companies, licensees, independent contractors, assigns, and/or other related business entities, as well as any of their predecessors, successors, directors, officers, employees, agents, distributors, attorneys, representatives, and employees of such entities, hereby unconditionally and irrevocably covenants to refrain from making any claim(s) or demand(s), or from commencing[,] causing, or permitting to be prosecuted[,] any action in law or equity, against Eric McClain, arising from Hard Drive's allegations in its complaint filed in [the instant action].

*Id*., Ex. B.

Hard Drive, however, still wants to depose Mr. McClain to gather information about Doe 1. It argues that Mr. McClain is the only person that it knows of who might have information that could

1  lead to the identification of Doe 1.[2]  Mr. McClain challenges the subpoena on two grounds: (1) that
2  it violates Rule 45 because it commands him to appear for deposition at a location that is more than
3  100 miles from his residence; and (2) that Hard Drive's covenant not to make a "demand" of him
4  immunizes him being deposed in this action. *Id*. at 3-5.

5  Mr. McClain is correct that the subpoena, as issued, is defective.  Rule 45(c) requires a court to
6  quash or modify a deposition subpoena if it requires a non-party to travel more than 100 miles from
7  where the non-party resides, is employed, or regularly transacts business in person.  *See* Fed. R. Civ.
8  P. 45(c)(3)(A)(ii).  Mr. McClain lives in Upper Lake, California.  Mill Valley, California is roughly
9  125 miles from Upper Lake.  *See* Google Maps,
10  https://maps.google.com/maps?saddr=upper+lake,+california&daddr=mill+valley,+california (last
11  accessed December 5, 2012).  Therefore, the deposition subpoena must be quashed.

12  Whether Hard Drive should be allowed to serve another deposition subpoena on Mr.
13  McClain—one that meets the requirements of Rule 45—brings the court to Mr. McClain's second
14  argument.  He argues that the term "demand," as it is used in the Covenant is uncertain, and in this
15  situation, and under California contract law, the ordinary dictionary definition of "demand" should
16  be used.  And under that definition the Covenant prohibits Hard Drive from trying to make him do
17  anything at all in relation to this action.

18  There does not appear to be much, if any, case law that directly discusses what "demand" means
19  in this context.  The parties' cited cases are unhelpful.  Mr. McClain cites one district court opinion
20  that describes certain subpoenas as having "demand[ed]" that certain witnesses appear for deposition
21  and produce documents, but this language is dicta and the opinion has nothing whatsoever to say
22  about the situation presented here.  *See Armstrong v. Brown*, No. C 94-2307 CW, 2011 WL 775906,

---

[2] Mr. McClain points out that Hard Drive argued in its 5/16/2012 Case Management Conference Statement that because Mr. McClain "is the only person who has knowledge as to who [Doe 1] may be," Hard Drive needed to be able to depose him to learn who Doe 1 is.  Mr. McClain says that this is a logical fallacy because it assumes the conclusion that Mr. McClain actually is the only person who knows who Doe 1 is.  9/10/2012 Letter, ECF No. 25 at 3.  Regardless, the court read Hard Drive's original argument to mean that Mr. McClain is the only person that Hard Drive knows of who might have knowledge of Doe 1's identity, and this is how Hard Drive now phrases its argument in its portion of the joint letter. *Id*. at 1.

at *1 (N.D. Cal. Mar. 1, 2011). And Hard Drive cites two opinions that generally discuss the difference between a release and a covenant not to sue, but neither opinion addresses whether a party who covenants not to make a "demand" on a non-party can then "demand" that non-party to appear for deposition. *See Syverson v. Int'l Business Machines Corp.*, 472 F.3d 1072 (9th Cir. 2007); *Colton v. New York Hosp.*, 414 N.Y.S.2d 866 (1979). And the court found only one semi-helpful judicial opinion in its wide search, although that case does suggest that the term "demand" within a standard covenant not to sue be read not to prevent a party from being deposed or otherwise contract away the party's legal duty to give testimony in court. *See In re Subpoena for Windland*, 940 N.E.2d 1008, 1010 (Ohio Ct. App. 2010).

Mr. McClain thus relies on general contract principles. He first notes that the language in the Covenant was not the product of negotiation; Hard Drive simply presented it to him. 9/10/2012 Letter, ECF No. 4. Any ambiguities in the Covenant's language, then, should be construed against Hard Drive. *See* Cal. Civ. Code § 1654 ("In cases of uncertainty not removed by the preceding rules, the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist."); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1076 (N.D. Cal. June 12, 2012). He also notes that, under California law, contractual language generally should be given ordinary, rather than strict legal, meaning. *See* Cal. Civ. Code § 1644 ("The words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning; unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed."); *Connolly v. Curry*, No. C 08–4517 MMC (PR), 2011 WL 1990571, at *4 (N.D. Cal. May 23, 2011). The ordinary meaning of "demand" indeed is broad: it is defined in the Merriam-Webster dictionary as "an act of demanding or asking especially with authority" and as "something claimed as due." Merriam-Webster Online, http://www.merriam-webster.com/dictionary/demand (last accessed Oct. 8, 2012). Black's Law Dictionary provides a similarly broad definition of "demand": it defines the word as "[t]he assertion of a legal right," "[t]o claim as one's due; to require; to seek relief," and "[t]o summon; to call into court." Black's Law Dictionary 441 (7th ed. 1999).

Hard Drive argues that the Covenant at issue is a standard a covenant not to sue and that it

simply means that Hard Drive cannot sue Mr. McClain for the conduct alleged in this action. In other words, the term "demand" is not as ambiguous as Mr. McClain argues. The court agrees. As described above, the Covenant states that Hard Drive "covenants to refrain from making any claim(s) or demand(s), or from commencing[,] causing, or permitting to be prosecuted[,] any action in law or equity, against Eric McClain, arising from Hard Drive's allegations in its complaint filed in [the instant action]." 9/10/2012 Letter, ECF No. 25, Ex. B. Reading the term "demand" in context with the rest of the language makes clear that Hard Drive has agreed not sue Mr. McClain. To adopt Mr. McClain's reading of the Covenant would be contrary to both the language and the spirit of the Covenant. Nothing in the Covenant suggests that the term "demand" be read to take on a meaning much broader than any of the other terms used in it.

In sum, Hard Drive got an order from this court allowing it depose Mr. McClain, but before it did so, it presented a covenant not to sue to him that states that it would not sue him based on any of the allegations presented in action. And Hard Drive is not trying to sue him. Instead, Hard Drive wants Mr. McClain to appear for deposition. The Covenant does not prevent that. Accordingly, Hard Drive may serve Mr. McClain with another deposition subpoena, as long as it complies with Federal Rule of Civil Procedure 45.

### III. CONCLUSION

Based on the foregoing, the court **QUASHES** the deposition subpoena that Hard Drive served on Mr. McClain. Hard Drive, however, may serve another one on him.

**IT IS SO ORDERED.**

Dated: December 5, 2012

LAUREL BEELER
United States Magistrate Judge